Mariis, J.
delivered the opinion of the court.
The defendants being sued as indorsers of a promissory note, failed to . answer, and judgment by default was taken, which on motion of Huie’s counsel was set aside as to him, on filing dilatory exceptions. The judgment was however made final against him; the judge disregarding the exceptions, and ■being of opinion that the order setting aside the judgment by default was a nullity, inasmuch -as it was not granted for the purpose of putting in an an■swer to tins merits, according,to law, hut simply a dilatory exception, which *627 is prohibited by the 28d section of the Act of 1839, amending the Code of Practice.
It appears to us the court erred. The order setting aside the judgment by default was erroneous, but not a nullity. The plaintiff had a right to have it rescinded, but this he might waive, and the cause be proceeded in to judgment on the exceptions, notwithstanding the order remained undisturbed. This would have required him on the exceptions being overruled, to take a new judgment by default, unless an answer was filed. Such a proceeding would have been more circuitous, but certainly unexceptionable. The shortest and most regular way would have been to rescind the order, allowing the exceptions to be filed, as having been improperly made. The plaintiff has, however, chosen to pursue a still shorter mode of proceeding, which appears to us illegal.
The defendant, Hale, made a separate defence and there was a verdict and judgment against him; and both defendants have united in the same appeal. But by an agreement on file signed by Hale, “ he withdraws his pleas [428] herein, and as far as his interest is concerned, admits the correctness of the judgment,”
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed as to the defendant, Hale, by consent: And it is further ordered and decreed that said judgment be annulled and reversed so far as it relates to the defendant Huie; and the case remanded for further proceedings according to law; the plaintiffs and appellees paying the costs of the appeal.