Wylx, J.
Mrs. John A. Sigur sued plaintiff and her husband in July, 1873, for $1183 60, praying judgment in- solido against them for said sum. In October, 1873, the suit was discontinued as to plaintiff, and judgment for the amount claimed was rendered against her husband, Emile E. Lauve. Execution issued in December following on this judgment, and twenty hogsheads of sugar, raised on the plantation of plaintiff, were seized by the sheriff. Thereupon the plaintiff sued out an injunction, claiming the sugar as the fruits'of her paraphernal property, the plantation, administered by herself. The court maintained the injunction and the defendant, Mrs. Sigur, who was the seizing •creditor, has appealed.
It is admitted that the plantation on which the sugar was raised was the paraphernal property of the plaintiff. But two questions are presented for decision:
First — Could the plaintiff, during the existence of community, administer her paraphernal property, the plantation, through her husband as agent, her health being such that it was impossible for her to take personally the management or supervision of the plantation ?
Second — Did the plaintiff during the year 1873, when the sugar in ■question was raised, administer her plantation, on which she resided, through her husband as agent?
Both of these propositions from the law and the evidence in this case we feel warranted to answer in the affirmative.
The only limitation the law imposes in the contract of mandate is found in article 2987 of the Revised Code, which provides that: “The object of the mandate must be lawful and the power conferred must be one which the principal himself has the right to exercise.”
In the case at bar no one doubts that the plaintiff had the right to manage her plantation, and that a mandate having for its object the management thereof has a lawful object. As there is no law forbidding the plaintiff from appointing her husband an agent to aid her in *184 the administration of her plantation, we conclude that she had the right to do so. 2 An. 890; 14 An. 68; 17 La. 426.
After examining the evidence very carefully, we have come to the conclusion that the finding of the court a qua is correct in regard to the fact that the thing seized was raised on the plantation of plaintiff, which she administered, aided by her husband as agent. It was therefore her separate property, and not liable to seizure by her husband’s judgment creditor, Mrs. Sigur.
Judgment affirmed.